## 52131. THE STATE v. GETHERS.

ARGUED MAY 5, 1976 — DECIDED MAY 21, 1976 — REHEARING DENIED JUNE 11, 1976 —

*Richard Bell, District Attorney, Calvin A. Leipold, Jr., Assistant District Attorney,* for appellant.

*Brince H. Manning, III, William R. Carlisle,* for appellee.

DEEN, Presiding Judge.

1. The appellee's motion to dismiss is denied. It is urged that the lower court's general order to turn the petit and grand jury boxes and to provide new jury boxes with

jurors in compliance with federal guidelines makes this appeal moot. It appears however that the jury box here in question has been sealed and maintained by the clerk of the superior court and would be available for use if the trial judge's order should be reversed. We do not apprehend that under this set of facts the issue presented on appeal is "moot" within the definition of Code Ann. § 6-809.

2. Subsequent to the indictment but prior to trial the appellee filed his motion to quash. "In order for such a motion to be entertained by the trial court, it must be made prior to the return of the indictment or the defendant must show that he had no knowledge, either actual or constructive, of such alleged illegal composition of the grand jury prior to the time the indictment was returned; otherwise, the objection is deemed to be waived." *Sanders v. State,* 235 Ga. 425 (219 SE2d 768) and cits. No such showing was made in this case. The motion and challenge to the array of the grand jury was made over a month subsequent to the return of the indictment. The appellee had been represented by able counsel for three months prior to the indictment. On these facts, the holding in *Julian v. State,* 134 Ga. App. 592, 596 (215 SE2d 496), that the defendant "could not reasonably be expected to have such advance notice" of the indictment as to permit a challenge to the array of the grand jury, is not applicable. It was therefore error to grant the motion to quash. *Sanders v. State,* 235 Ga. 425, supra.

3. Appellee's challenge to the array of the traverse jury was timely filed. We have carefully considered the state's various objections to the introduction of evidence concerning the composition of the DeKalb County jury lists; we find no error. This evidence shows: Blacks comprise 17.8% of the county's population but only 6.7% of the traverse jury list and are underrepresented by 62.4%; that females comprise 52.1% of the population but only 26.3% of the jury list and are underrepresented by 49.5%; that whites are 82.2% of the population, 93.5% of the jury list and are overrepresented by 13.5%; and that males are 47.9% of the population, comprise 73.7% of the jury list and are overrepresented by 53.9%.

A defendant is not constitutionally entitled to a jury

roll of any particular composition, but a state may not deliberately and systematically exclude identifiable and distinct groups from their jury lists. Taylor v. Louisiana, 419 U. S. 522 (95 SC 692, 42 LE2d 690). The burden is on the defendant to prove such purposeful discrimination. Whitus v. Georgia, 385 U. S. 545, 550 (87 SC 643, 17 LE2d 599). In order to establish a prima facie case of discrimination, the defendant must demonstrate that there exists a substantial disparity between the proportion of members of a major identifiable group chosen for jury duty and the proportion of that group in the eligible population and that the selection procedures themselves are not socially neutral. See Alexander v. Louisiana, 405 U. S. 625, 630 (92 SC 1221, 31 LE2d 536); Turner v. Fouche, 396 U. S. 346, 360 (90 SC 532, 24 LE2d 567). Where such marked disparity between the percentage of a class on the jury rolls and the percentage of a class in the total community is proved, a prima facie case of discrimination has been held to be shown and testimony by the commissioners that no one has been included or rejected because of his race or color, is insufficient to overcome the prima facie case. Whitus v. Georgia, 385 U. S. 545, supra; Hernandez v. Texas, 347 U. S. 475, 481 (74 SC 667, 98 LE 866); Alexander v. Louisiana, 405 U. S. 625, supra. Where the evidence shows that the traverse jury list underrepresents blacks by 62.4% and females by 49.5% we are not prepared to hold as a matter of law that the jury commissioners of DeKalb County were not remiss in the execution of their statutory duty to compile a jury list composed of "a fairly representative cross-section of the intelligent and upright citizens of the county." Code Ann. § 59-106; *Gould v. State,* 131 Ga. App. 811, 822 (207 SE2d 519); *Julian v. State,* 134 Ga. App. 592, supra. The challenge to the array of the traverse jury was properly sustained.

*Judgment affirmed in part and reversed in part. Quillian and Webb, JJ., concur.*